IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-40494

Summary Calendar

United States of America,

Plaintiff-Appellee,

versus

JOHNNY RAY PIPPENS, a/k/a
Terry Pippens,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(4:94-CR-50)

November 6, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Terry Pippens pled guilty to possessing less than 5 grams of crack cocaine. The district court calculated a sentence based on the assumption that Pippens was responsible for 78.18 grams of cocaine or for some larger, unknown quantity. The 78.18 grams of crack represents the combination of crack that an undercover officer bought from Pippens and drugs found on the person of

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

codefendant Jenkins.  Before this court, Pippens renews his claim that the prosecution introduced evidence insufficient to connect him to the 78.18 grams of crack.  We disagree, and affirm.

The PSR recounted that Pippens sold crack from a house on 1501 Francis Lane in Plano, Texas.  Several other dealers worked from this crack house, including codefendant Raymond Jenkins, and the dealers would often cover for each other and pool resources to obtain crack.  Eventually, law enforcement officials made a series of undercover purchases of crack from the house, including a 18.93 gram purchase from Pippens himself.  About one week before arresting Pippens, law enforcement officials arrested Jenkins, along with two other individuals, and found in their possession 59.25 grams of crack.  No information connected these other two individuals to the Plano crack house.  The PSR recounts that Pippens stated that he had previously told Jenkins never to have such a quantity of cocaine at one time.

At the sentencing hearing, the district court accepted the above information as sufficient to hold Pippens responsible for the crack found in Jenkins possession.  It also relied on the testimony of a police officer in a prior hearing held before the same court to the effect that the Plano house dealers distributed large quantities of cocaine.  The prosecution did not introduced the transcripts of this hearing into evidence at Pippens' sentencing.  Neither Pippens nor his counsel was present at this hearing.

2

We apply the clearly erroneous standard to the district court's finding that Pippens should be held accountable for 78.18 grams of crack. United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993), cert. denied, 114 S. Ct. 1096 (1994). We find the evidence presented to the district court sufficient to support its holding.

First, we must disregard the testimony from the other sentencing hearing. In United States v. Townsend, 55 F.3d 168, 172 (5th Cir. 1995), we held that a sentencing court may consider testimony from another proceeding, but that "a defendant must have notice that the court is considering the testimony such that he will have the opportunity to respond to that testimony." Pippens received no opportunity to respond in this case. The PSR contains no mention of prior testimony, and the district court relied on this evidence sua sponte. Neither Pippens nor his counsel was present at the previous hearing. Under such circumstances, the district court's findings of amount must stand without any support from this testimony. On the other hand, Pippen and his counsel were on notice of the use of the earlier proceedings by the pre-sentence report itself. We need not resolve this question because the findings of amount are independently sustainable, as we will explain.

The district court did not err, however, by relying on the PSR to attribute Pippens with responsibility over the 59.25 grams of crack found in the possession of Jenkins and two other individuals. In order to hold Pippens responsible for this

3

quantity of crack, the district court had to find that this possession was within the scope of his conspiracy and that Jenkins' possession was reasonably foreseeable to Pippens. U.S.S.G. § 1B1.3.  We accept the PSR's unchallenged factual statements as evidence, United States v. Foy, 28 F.3d 464, 476 (5th Cir.), cert. denied, 115 S. Ct. 610 (1994), although we "do not tolerate inferences upon inferences." United States v. Evbuomwan, 992 F.2d 70, 74 (5th Cir. 1993).  The PSR established that Jenkins sold crack from the Plano house, that Pippens knew that Jenkins often possessed significant quantities of crack on his person, and that the Plano house dealers often pooled resources and covered for one another.  Pippens presented no evidence to counteract the findings of the PSR.  On the basis of these facts, the district judge could have inferred that Jenkins' possession was in the scope of the Plano house conspiracy and that Pippens could foresee that Jenkins would possess crack.

AFFIRMED.