77 F.3d 485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark ROBERSON, Defendant-Appellant.
 No. 95-2711.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 23, 1996.*
Decided Feb. 2, 1996.
 
 Before POSNER, Chief Judge, and BAUER and TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Roberson appeals his sentence, imposed by the district court after he pleaded guilty, for possession with intent to distribute more than 5 grams of cocaine base ("crack"). 21 U.S.C. § 841(b)(1)(B)(iii). First, he claims that the statute under which he was convicted, and the corresponding Sentencing Guidelines, U.S.S.G. § 2D1.1, are ambiguous so that the district court should have applied the rule of lenity, and read the statute and guidelines in the manner most favorable to the defendant. Second, he claims that the district court should have exercised its authority under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 to impose a sentence below the range established by the applicable guideline due to mitigating circumstances not taken into account by the Sentencing Commission in formulating the guidelines. We reject both of these arguments. First, legislative action subsequent to the filing of the parties' briefs has completely eliminated the factual basis of Roberson's arguments. Second, even if such legislative action had not been taken, Roberson's claims would fail.
 
 
 2
 Roberson bases both his claims upon the fact that on May 1, 1995 the Sentencing Commission proposed revised guidelines that would change the current standard, which imposes equal sentences upon offenders who possess with intent to distribute a given amount of crack, and those who possess with intent to distribute 100 times as much powder cocaine. The proposals called for equal sentences for crimes involving equal quantities of crack and powder cocaine. The commission also presented Congress with proposed legislation that would alter 21 U.S.C. § 841(b)(1)(B) so that it no longer would distinguish between powder cocaine and crack. Roberson argues that the fact that these proposals had been submitted made 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. § 2D1.1 ambiguous. In addition, Roberson claims that these proposed revisions constituted mitigating circumstances that were not accounted for in the November 1, 1994 guidelines, the ones under which Roberson was sentenced.
 
 
 3
 On October 30, 1995 Congress rejected the portion of the proposed revision to the Sentencing Guidelines that would have provided equal penalties for equal amounts of crack and powder cocaine. Pub.L. No. 104-38, 109 Stat 334. In doing so, Congress directed the Sentencing Commission to submit another proposal that would recommend changes to the Sentencing Guidelines and statutes that apply to convictions for trafficking in crack and powder cocaine. Congress indicated that such recommendations should maintain a regime in which "the sentence imposed for trafficking in a quantity of crack cocaine should generally exceed the sentence imposed for trafficking in a like quantity of powder cocaine." Id. Thus, Congress, while calling for future changes, clearly rejected the Sentencing Commission's proposals as well as the argument that like quantities of crack and powder cocaine should be punished with equal sentences. Moreover, Congress has not altered 21 U.S.C. § 841(b)(1)(B) in the manner proposed by the Sentencing Commission. Therefore, far from there being any ambiguity in the punishment mandated by the Sentencing Guidelines and statutes applicable to defendants convicted of trafficking in crack, the meaning of these provisions is perfectly clear. Thus, even if Roberson's argument that the Commission's proposals created ambiguity had force prior to Congress' rejection of the proposed changes, Congress' actions would have the effect of undermining this argument.
 
 
 4
 Congress' actions subsequent to the parties' submitting their briefs notwithstanding, Roberson's argument is unpersuasive. Even if we were deciding this case prior to Congress' rejection of the Commission's proposals, we would reject Roberson's claim that these proposals created ambiguity in the sentencing scheme.
 
 
 5
 The Sentencing Commission's proposals were not based upon any perceived ambiguity, nor did they create ambiguity. The Sentencing Commission, in proposing a revision to the powder cocaine/crack differential in sentencing, was driven by policy concerns. See United States Sentencing Commission, Cocaine and Federal Sentencing Policy xii-xvii (Feb. 1995) (Included in Appellant's Brief, Appendix at 28-33.) Therefore Roberson's lenity argument is not persuasive.
 
 
 6
 As an additional point, putting aside Roberson's reasons for arguing that the Guidelines and statutes were ambiguous, i.e. that the Sentencing Commission's May 1 proposals made them so, and looking at these provisions themselves, based upon our recent decisions it is evident that their meaning is clear. We have held, in decisions issued before and after the parties in the present case submitted their briefs, that neither 21 U.S.C. § 841(b)(1)(B) nor § 2D1.1 is ambiguous, and that these provisions clearly indicate that possession with intent to distribute crack should be more severely punished than possession with intent to distribute the same quantity of powder cocaine. United States v. Booker, 70 F.3d 488, 494 (7th Cir. Nov. 16, 1995) (decided subsequent to the parties' filing briefs in this case); United States v. Blanding, 53 F.3d 773, 776 (7th Cir. April 14, 1995) (decided prior to the parties' filing briefs in this case). Roberson, wisely in light of Blanding, did not make a broad attack on the clarity of the statute and guidelines, limiting his argument to the claim that the Sentencing Commission's proposals created ambiguity. Therefore, in the present case we need not address the lenity issue beyond Roberson's narrow claim that the Sentencing Commission's proposals created ambiguity in provisions that may have been clear absent such proposals. Nevertheless, Booker and Blanding demonstrate that this circuit has determined that the statute and guidelines that deal with possession with intent to distribute crack and powder cocaine, are themselves not ambiguous and therefore not subject to the rule of lenity under any circumstances.
 
 
 7
 With respect to his claim that the district court should have departed downward from the statutory range pursuant to 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, Roberson does not dispute that the Seventh Circuit has ruled that an appellate court does not have jurisdiction to review a district court's refusal to depart from the sentencing guidelines. See United States v. Franz, 886 F.2d 973 (7th Cir.1989) (interpreting 18 U.S.C. § 3742(a)). Roberson's argument is that the district court did not even consider his motion to depart from the sentencing guidelines. He claims that in doing so the district court failed to exercise its discretion, thus committing a legal error which is reviewable by an appellate court.
 
 
 8
 It is clear from the record that the district court did consider and reject Roberson's motion to depart from the prescribed range. At the sentencing hearing, the court noted that Roberson had filed "a motion to apply the rule of lenity and motion for downward departure." (R. 21 at 12.) The court asked for the government's response to both motions. The government then made an argument with respect the Roberson's motion for downward departure, without discussing the rule of lenity issue. Id. The court then discussed the merits of Roberson's claim, which was based upon the fact that the Sentencing Commission had proposed changes to the guidelines and the statute governing powder cocaine and crack. The judge rejected this argument as a grounds for downward departure, stating that if Congress did accept the changes and made them retroactive, the defendant could then take advantage of the changes. (R. 21 at 13-14.) The court then discussed the "other aspect of the motion [which dealt with] an ambiguity in the law concerning the distinction between cocaine and cocaine base [i.e. crack]...." (R. 21 at 14.) This "other aspect" was Roberson's lenity claim. Therefore, the first aspect of the motion the district court discussed, in that the motion only made two arguments, was Roberson's argument that the judge should depart from the guidelines under U.S.S.G. § 5K2.0. Thus, the record contradicts Roberson's argument that the district court did not consider his motion for a downward departure. Therefore this Court has no jurisdiction to review the district court's decision not to depart from the Sentencing Guidelines.
 
 
 9
 The district court's order is AFFIRMED with respect to Roberson's lenity claim; the appeal is DISMISSED FOR WANT OF JURISDICTION with respect to Roberson's argument that the district court should have departed from the Sentencing Guidelines.
 
 
 
 *
 Oral argument in this appeal was originally scheduled for January 23, 1996. On January 22, 1996, appellant made a motion to waive oral argument. On the same day, this Court granted that motion. Accordingly, the appeal is submitted on the briefs and the record