IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 95-30708, 95-30709, 95-30711
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS MATHIEU, JEROME
MATHIEU, and GRANT MATHIEU,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(94-CR-96-R)
_____

May 29, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Thomas Mathieu (Thomas) appeals his guilty-plea conviction for use of a communication facility in causing or facilitating the commission of a felony. Jerome Mathieu (Jerome) and Grant Mathieu (Grant) appeal their guilty-plea convictions for conspiracy to distribute in excess of 50 grams of cocaine base.

Thomas and Grant have not shown that the district court erred in finding that each of them did not provide full and truthful

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

cooperation as called for by their respective plea agreements, and that the Government did not breach the agreements, which in any event provided that the government had sole discretion whether to file a motion for downward departure. *Cf. United States v. Garcia-Bonilla*, 11 F.3d 45, 46-47 (5th Cir. 1993).

Thomas has not shown that the district court erred by attributing the 1.5 kilograms of cocaine to him for sentencing purposes. *See* U.S.S.G. §§ 1B1.3, comment. (n.1), 2D1.1(c)(1) & comment. (n.12), and 2D1.6; *United States v. Evbuomwan,* 992 F.2d 70, 72-74 (5th Cir. 1993). Moreover, had there been an overestimation of as much as 1.25 kilograms as to quantity it would not have affected Thomas's guideline range, as that was capped by the 4 year statutory maximum. Thomas has not shown that the district court erred in denying an offense-level adjustment for acceptance of responsibility. *See United States v. Watson*, 988 F.2d 544, 551 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 698 (1994); *United States v. Paden*, 908 F.2d 1229, 1237 (5th Cir. 1990), *cert. denied*, 498 U.S. 1039 (1991). Nor would such an adjustment have changed the guideline range, in view of the statutory maximum. Thomas has not shown that the district court failed in any way to comply with Fed. R. Crim. P. 11. Moreover, if there was any failure to fully and perfectly comply, any such minor failure would be clearly harmless here. *See United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993)(en banc).

Jerome has not shown that the district court erred either in finding he did not provide full and truthful cooperation as called

for by his plea agreement (which in any event provided the government had sole discretion whether to move for downward departure) or in not allowing him to withdraw his guilty plea. *See United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

Jerome and Grant have not shown that the district court erred by refusing to continue the sentencing until the relevant sentencing guidelines are revised. *See* Pub. L. No. 104-38, 109 Stat. 334, cited in *United States v. Roberson*, No. 95-2711, 1996 WL 47448 at *1 (7th Cir. Feb. 2, 1996)(unpublished); *United States v. Watson*, 953 F.2d 895, 897-98 (5th Cir.), *cert. denied*, 504 U.S. 928 (1992).

We AFFIRM as to each appellant.

AFFIRMED