**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-30024

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

IRA BRYANT, III,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(98-CR-20096-01)

January 3, 2000

Before JONES, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ira Byrant III ("Bryant") pleaded guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Bryant appeals his sentence, contending that the district court incorrectly applied the United States Sentencing Commission Guidelines (the "Guidelines") in calculating the quantity of crack cocaine considered in sentencing. For the reasons discussed below, we affirm the sentence imposed by the district court.

I.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On May 4, 1996, Bryant began a four-year term of supervised release after a conviction for distributing cocaine. While on supervised release, Bryant distributed .51 grams of cocaine base to an undercover federal agent. Less than one month later, Bryant was present when the undercover agent purchased .52 grams of cocaine from a third party, Jamie Holmes ("Holmes"). At the time of that purchase, Bryant told the undercover agent that his "rocks were bigger", indicating that he had the larger quantities of cocaine that the agent desired.

At sentencing, the government introduced its Presentence Investigation Report ("PSI") recommending that Bryant be sentenced based on distribution of 1.03 grams of cocaine, the .51 distributed by Bryant and the .52 distributed by Holmes, under § 1B1.3 of the Guidelines. Bryant objected, contending that he should not be sentenced based on Holmes's transaction. The district court disagreed, finding that there was sufficient evidence that Bryant could reasonably foresee the Holmes transaction, and sentenced Bryant to 37 months of imprisonment followed by a 3 to 5 year term of supervised release, the maximum penalty under the applicable Guidelines. Bryant timely filed a notice of appeal.

II.

We review a district court's calculation of a sentence under § 1B1.3 of the Guidelines under the clearly erroneous standard. *See United States v. Lokey*, 945 F.2d 825, 839 (5th Cir. 1991). At sentencing, the government need only prove facts by a preponderance

of the evidence, not beyond a reasonable doubt.  *See United States v. Watts*, 519 U.S. 148, 156 (1997).  Thus, we must affirm unless the district court committed clear error in determining that the government had proved Bryant's connection to Holmes's .52 grams of cocaine by a preponderance of the evidence.

Under section 1B1.3 of the Guidelines, the base offense level is determined on the basis of "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  Guidelines § 1B1.3(a)(1)(B).  The district court determined that it was reasonably foreseeable that Holmes would engage in the sale of cocaine while in his presence, and thus included the .52 grams in Bryant's base offense.

Bryant contends that the Holmes transaction was not a "jointly undertaken criminal activity" because the two were competing drug dealers and thus Bryant was not working with Holmes at the time of the transaction.  It is true that it is not enough to find the sale of drugs reasonably foreseeable alone, rather it is necessary to prove that the defendant agreed to undertake criminal activity with others.  *See United States v. Evboumwan*, 992 F.2d 70, 74 (5th Cir. 1993).  However, this Circuit has held that sales by competing drug dealers may still be included under section 1B1.3 because "the

friendly competitors . . . as a whole created a marketing site greater than the sum of its parts . . . [t]he presence of multiple, part-time pushers and a larger supply for users produced a marketing symbiosis that far outweighed its minor competitive aspects." *United States v. Smith*, 13 F.3d 860, 865 (5th Cir. 1994).

The present case closely resembles that in *Smith*. Bryant and Holmes were standing together in the yard of a house known for drug dealing transactions. The undercover agent approached the two because he had purchased cocaine from Bryant in the past. When the agent purchased cocaine from Holmes, Bryant indicated that his "rocks were bigger" in an attempt to garner additional business. Thus, that Holmes and Bryant were competing drug dealers does not change the fact that they were acting as marketing symbols for each other, creating a "marketing site greater than the sum of its parts." *Smith*, 13 F.3d at 864. This is sufficient to determine that the finding of the district court was not clearly erroneous, in that the facts presented were more than sufficient to support the conclusion that Bryant and Holmes were engaged in a jointly undertaken criminal activity even though it was as competitors.

### III.

For the reasons assigned, the sentence imposed by the district court is AFFIRMED.