**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-11227**
**Summary Calendar**
**Civil Docket #3:99-CR-136-2-L**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DELANO MARCEL ROBINSON,**

**Defendant-Appellant**.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

September 15, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

On appeal from a conviction for conspiracy to commit bank fraud, appellant Robinson challenges the amount of loss calculation that the court used to determine relevant conduct for sentencing purposes. Finding neither legal error nor clear error in the court's determination of the facts, we affirm.

According to the Presentence Report, Robinson came in on the ground floor of a large bank fraud conspiracy that operated in the Dallas-Fort Worth area. Specifically, Robinson, who had

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

already participated in a fraud exceeding $10,000 that utilized his own bank account, introduced the ringleader Simpkins to codefendant Lee, who took charge of the Fort Worth branch of the conspiracy. Paragraph 16 of the PSR states that "Simpkins explained in depth to Robinson and Lee the Bank One scheme. Simpkins advised Lee and Robinson if they could find persons who had Bank One accounts, . . . Simpkins, Robinson and Lee could all make some money." Pursuant to this plan, Robinson recruited numerous account holders in Fort Worth and assisted a number of them in the fraud.

Robinson now objects that the PSR tied the amount of bank losses relevant to his sentencing not only to those that he personally induced, but also to some of the losses perpetrated by other members. He points out that a relevant conduct finding under U.S.S.G. § 1B1.3 involves not only reasonable forseeability of the loss – a point he concedes on appeal – but also that the conduct be "jointly undertaken" by him and the other codefendants. U.S.S.G. § 1B1.3(a)(1)(B).

Contrary to Robinson's arguments, we find, first, that the requirement of a joint undertaking was specifically recognized by the probation office in the addendum to the PSR, at page 3. Thus, in concluding that the PSR correctly calculated the amount of loss, the court approved a finding based on the correct legal test. Moreover, the court did not clearly err in implicitly finding that Robinson jointly undertook the conspiracy with Simpkins and Lee and

therefore became responsible for losses beyond the ambit of his personal acts. The above-noted portions of the PSR examined and explained Robinson's thorough knowledge, understanding and significant role in starting and maintaining the conspiracy. There is a substantial factual underpinning in the PSR for the joint undertaking prong of the relevant conduct determination.

Robinson's reliance on <u>United States v. Evbuomwan</u>, 992 F.2d 70 (5th Cir. 1993), is misplaced. While that case affirmed that under the Guidelines, courts must initially determine what criminal conduct a defendant has jointly undertaken, there was no hint in the record or PSR that the defendant was aware of the separate fraud perpetrated by an associate of his. In this case, by contrast, Robinson was one of the initiators of the scheme, together with Simpkins and Lee, and the PSR indicates, and Robinson conceded in the hearing, that he knew a great deal about its intended scope, even if not about the precise illegal transactions.

For these reasons, the district court's loss calculation contains no reversible error, and the sentence awarded by the district court is **AFFIRMED**.