**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2011

Lyle W. Cayce
Clerk

No.  11-40493

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SELEENA H. ESCOBEDO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1206-1

Before JONES, Chief Judge, HAYNES, Circuit Judge, and ENGELHARDT,
District Judge.[*]

PER CURIAM:[**]

Appellant Seleena H. Escobedo ("Escobedo") appeals her sentence to fifteen
months imprisonment following her guilty plea to transporting an illegal alien
by motor vehicle.  8 U.S.C. § 1324(a).  Although only one alien was being
smuggled in the offense of conviction, the court applied the sentencing
guidelines' relevant conduct provision, U.S.S.G. § 1B1.3, to enhance her sentence

---

[*] District Judge of the United States District Court for the Eastern District of
Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No.  11-40493

based on four other incidents involving five other aliens. *See* U.S.S.G. § 2L1.1(b)(2)(A).  The fifteen month sentence falls in the middle of the resulting applicable guideline range of twelve to eighteen months.

Escobedo here challenges only the district court's findings concerning two of the "relevant conduct" incidents, those that occurred on August 9 and April 30, 2010.  We review for clear error the district court's finding that these two incidents were part of the "same course of conduct or common scheme or plan" as the offense of conviction.  Section 1B1.3(a)(2); *United States v. Angeles-Mendoza*, 407 F.3d 742, 750 (5th Cir. 2005).

Escobedo contends that the court clearly erred because although it found that she was involved in a "conspiracy" with her family members, the government proved at most only her presence in the cars with her mother and sister when they were each stopped at the Falfurrias, Texas, checkpoint with a passenger who was determined to be an illegal alien. *See* Section 1B1.3(a)(1)(B) cmt. n.2 (describing "jointly undertaken criminal activity" as relevant conduct). Regardless of the correctness of describing her as a "conspirator," however, the court also pointed to common factors among all of the transporting incidents with which Escobedo was identified.  The court noted the common method employed – each vehicle (in five different incidents) carried only one or two illegal alien passengers;  members of Escobedo's family were involved with her in each event; all the vehicles travelled through the Falfurrias checkpoint;  and all of the incidents occurred within a few months' time.  The guidelines commentary requires that only one common factor need link criminal events to trigger the "common scheme or plan" basis for a sentencing enhancement. U.S.S.G. Section 1B1.3 cmt n.9(A).  Here, there were at least four common

2

No.  11-40493

factors.  This is not a case in which the court had to speculate as to Escobedo's involvement in the conduct of transporting aliens.  Consequently, her reliance on *United States v. Evbuomwan*, 992 F.2d 70 (5th Cir. 1993), is misplaced. Instead, Escobedo here implicitly agreed that alien smuggling was a "family enterprise."  Further, there was no clear error in the district court's inference that she was criminally culpable in the two challenged incidents.

After a review of the record, we find no clear error in the district courts findings underlying the sentence and therefore **AFFIRM**.