# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2020

Lyle W. Cayce
Clerk

No. 19-10887
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD RAY JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-15-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Donald Ray Johnson appeals the 105-month sentence imposed following his guilty plea to possession of cocaine base with intent to distribute. When calculating his base offense level, the district court held Johnson responsible for all of the currency found in the residence from which he sold cocaine base on the grounds of relevant conduct under U.S.S.G. § 1B1.3. Johnson argues that the district court failed to make legally sufficient factual findings to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10887

support its relevant conduct determination.  Our review is de novo.  *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

In calculating a defendant's base offense level, the district court may consider drug quantities not specified in the count of conviction if they are part of the defendant's "relevant conduct," as defined by § 1B1.3.  *United States v. Wall*, 180 F.3d 641, 644-45 (5th Cir. 1999).  A defendant is accountable for all drug quantities with which he was directly involved.  § 1B1.3(a)(1)(A) & comment. (n.3(D)).  In cases of "jointly undertaken criminal activity," relevant conduct may expand beyond the offense of conviction to include all drug quantities involved in transactions carried out by third-party participants.  *See* § 1B1.3(a)(1)(B), comment. (n.3(D)); *United States v. Evbuomwan*, 992 F.2d 70, 72 (5th Cir. 1993).

To hold Johnson indirectly accountable under § 1B1.3 for third-party drug sales, the district court was required to find the following:  (1) Johnson agreed to participate jointly in drug sales with a third party, (2) the drug sales at issue were within the scope of that joint activity, and (3) Johnson could have reasonably foreseen the quantity of drugs represented by those sales in connection with the joint undertaking.  *See* § 1B1.3(a)(1)(B), comment. (n.3(B)-(D)); *United States v. Smith*, 13 F.3d 860, 864-65 (5th Cir. 1994).  The district court did not make an express finding whether Johnson was directly or indirectly responsible for the disputed currency.  Additionally, the district court's rationale for its relevant conduct determination is not implicit in its adoption of the Addendum to the Presentence Report, which made none of the factual findings required to hold Johnson accountable for jointly undertaken criminal activity.  *See Smith*, 13 F.3d at 864-65; *Evbuomwan*, 992 F.2d at 74. Because the district court's reasoning is not apparent from the record, we cannot speculate as to the rationale for its relevant conduct determination.  *See*

No. 19-10887

*Zapata-Lara*, 615 F.3d at 391; *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991).

We therefore VACATE the sentence and REMAND for the district court to determine the amount of currency for which Johnson was directly or indirectly responsible under § 1B1.3 and to provide the factual findings required to support its decision.     *See* FED. R. CRIM. P. 32(i)(3)(B); § 1B1.3(a)(1)(A), (B) & comment. (n.3); *Zapata-Lara*, 615 F.3d at 391.