# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11223
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALICIA LYNN RODDY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-135-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alicia Lynn Roddy was sentenced to 235 months of imprisonment following her guilty plea to possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). She challenges the district court's calculation of the sentencing guidelines range under U.S.S.G. § 2D1.1, asserting that the court reversibly erred by including in the drug quantity the 1,000 grams of methamphetamine that she observed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a Ziploc bag in her supplier's house while she was purchasing an ounce of methamphetamine.  Inclusion of that amount of methamphetamine increased her base offense level from 30 to 32.  The district court found that the subject methamphetamine was properly included in Roddy's drug quantity because it was "relevant conduct" as it was a part of Roddy's and her drug supplier's "jointly undertaken criminal activity" under U.S.S.G. § 1B1.3(a)(1)(B).

We review findings of fact such as attributable drug quantity for clear error.  *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).  "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole."  *Id.* (internal quotation marks and citation omitted).

"Under [§ 2D1.1(c)] of the Guidelines, the offense level of a defendant convicted of a drug trafficking offense is determined by the quantity of drugs involved."  *United States v. Puig-Infante*, 19 F.3d 929, 942 (5th Cir. 1994).  "[T[he applicable drug quantity includes not only drugs with which the defendant was directly involved, but also drugs that can be attributed to him as part of his 'relevant conduct.'"  *United States v. Foy*, 28 F.3d 464, 476 (5th Cir. 1994).  "[I]n the case of a jointly undertaken criminal activity," the defendant is responsible for "all acts and omissions of others that were—(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity."  § 1B1.3(a)(1)(B) & comment. (n.3(A)).  Notably, it is insufficient that the subject conduct was merely foreseeable to the defendant; rather, in order to constitute "jointly undertaken criminal activity," the defendant must agree to undertake the activity.  *United States v. Smith*, 13 F.3d 860, 867 (5th Cir. 1994).

Here, the record only supports a finding that the agreement, if any, between Roddy and her supplier was for the regular sale of small quantities of

methamphetamine. As in *Smith*, there is nothing in the record establishing—and the district court made no corresponding finding—that any conspiracy or joint undertaking between Roddy and her supplier involved the additional methamphetamine that she observed at her supplier's house or, stated differently, that Roddy "agreed to conspire with [her supplier] with regard to any amounts of [methamphetamine he] possessed" beyond what he sold to Roddy. *Id.*; *see also United States v. Dean*, 59 F.3d 1479, 1495 (5th Cir. 1995); *United States v. Maseratti*, 3 F.3d 330, 340 (5th Cir. 1993); *United States v. Evbuomwan*, 992 F.2d 70, 74 (5th Cir. 1993). Accordingly, the district court's finding that the methamphetamine at issue constituted "relevant conduct" was not plausible, and its inclusion of that methamphetamine in Roddy's drug quantity was clear error. *See Betancourt*, 422 F.3d at 246.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.