# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50217
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Chelsie Shanae Stubblefield,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-231-3

————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Chelsie Shanae Stubblefield appeals the 360-month sentence imposed following her guilty plea to conspiracy to distribute and to possess with intent to distribute methamphetamine. We VACATE the sentence and REMAND because of the need for additional fact findings.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50217

When calculating the base offense level, the district court held Stubblefield responsible for all of the methamphetamine attributable to the conspiracy under U.S.S.G. § 1B1.3. Stubblefield argues that the district court failed to make sufficient factual findings to support its relevant conduct findings. When the district court's application of the sentencing guidelines is purely legal, our review is *de novo*. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

In order to hold Stubblefield accountable for the 630 grams of methamphetamine involved in the conspiracy, the district court was required to make specific findings that the acts and omissions of the others involved constituted "relevant conduct," *i.e.,* that the other transactions were within the scope of a joint criminal activity, in furtherance of that activity, and reasonably foreseeable to Stubblefield. § 1B1.3(a)(1)(B); § 1B1.3, cmt. n.3(D); *see, e.g., United States v. Johnson*, 14 F.4th 342, 347 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 928 (2022); *United States v. Smith*, 13 F.3d 860, 864–65 (5th Cir. 1994); *United States v. Evbuomwan*, 992 F.2d 70, 72 (5th Cir. 1993).

During sentencing, the district court determined that the 630 grams of methamphetamine attributed to the conspiracy was "reasonably foreseeable" to Stubblefield, but the court failed to make specific findings concerning the scope of the criminal activity she agreed to jointly undertake, or whether the entire amount of methamphetamine was within that scope or in furtherance of that activity.

Additionally, the district court's rationale for its relevant conduct determination is not implicit in its adoption of the presentence report, which did not make factual findings that would allow making Stubblefield accountable for jointly undertaken criminal activity. *See Smith*, 13 F.3d at 867; *Evbuomwan*, 992 F.2d at 74. Because the district court's reasoning is

No. 22-50217

not apparent from the record, we cannot speculate as to the rationale for its relevant conduct determination.  *See Zapata-Lara*, 615 F.3d at 391.

We VACATE the sentence and REMAND to the district court for resentencing.  If, on remand, the district court determines that Stubblefield is accountable for the conduct of others under Section 1B1.3(a)(1)(B), it should provide the required factual findings supporting its decision.  *See* Fed. R. Crim. P. 32(i)(3)(B); § 1B1.3(a)(1)(A), (B) & cmt. n.3; *Zapata-Lara*, 615 F.3d at 391.